PETRIFIED BONE MINING CO. et al. v. ROGERS et al.

(Circuit Court, E. D. Pennsylvania. March 2, 1908.)

No. 39.

1. COURTS—FEDERAL COURTS—EXECUTION—STAY—FEDERAL PRACTICE.

Rev. St. § 988 (U. S. Comp. St. 1901, p. 708), taken from Act Cong. May 19. 1828, c. 68, § 2, 4 Stat. 281, provides that in any state where judgments are liens upon the property of defendants, and where, by the laws of such state, defendants are entitled to a stay of execution for one term or more, defendants in federal actions shall be entitled to a stay for one term. The Pennsylvania codifying statute of June 16, 1836 (P. L. 762, §§ 3, 4; 2 Purd. Dig. [Stewart's Ed.] 1517, pars. 9, 10) provides that certain judgment defendants may give security for the sum recovered with interest and costs, and thereupon be entitled to a stay, to be computed from the first day of the term to which the action was commenced, from 6 to 12 months. depending upon the size of the judgment. Act Pa. 1873 (P. L. 60; 1 Purd. Dig. 1519, par. 16), changed the time from which the stay is to be computed to the return day of the writ by which the action was commenced. No term of state court in Pennsylvania lasts six months. 1 Purd. Dig. (Stewart's Ed.) 629, 630, pars. 59, 60. *Held* that, so far as a stay of execution is concerned, defendants in the federal courts in Pennsylvania have the same privilege as those in the state courts, and upon the same conditions, except that the stay cannot last longer than one term, and that either the Pennsylvania act of 1836 or that of 1873 fixes the time when the stay begins in the federal courts, as well as in the state courts.

2. EXECUTION—RIGHT TO STAY.

A stay of execution is not a right, but a privilege, which the lawmaking body may grant upon such easy or burdensome conditions as are deemed wise.

Petition for Leave to Enter Security for Stay of Execution. See 150 Fed. 445.

Francis S. Laws, for the petition.
James Collins Jones, opposed.

J. B. McPHERSON, District Judge. This petition presents a question which seems to be of the first impression. It calls for the construction of section 988 of the Revised Statutes (U. S. Comp. St. 1901,

p. 708), under which, although its provisions have been in force for 80 years, either by virtue of the act of 1828, c. 68 (4 Stat. 281), from which the section was taken, or by virtue of the Revised Statutes themselves, no decision appears to have been made, or at least to have found its way into the Reports. The section is as follows:

"In any state where judgments are liens upon the property of the defendant, and where by the laws of such state defendants are entitled in the courts thereof to a stay of execution for one term or more, defendants in actions in the courts of the United States held therein shall be entitled to a stay of execution for one term."

In the state of Pennsylvania a judgment is a lien upon the property of the defendant, and the laws of the state provide for a stay of execution under certain conditions. When the federal act of 1828 was passed, the Pennsylvania statute then in force upon this subject was the act of March 21, 1806 (P. L. 563), of which the seventh section is as follows:

"And be it further enacted by the authority aforesaid, that in all suits instituted either by capias or summons, in any court of record within this commonwealth, the writ of execution shall be stayed on the judgment, whether it is obtained by the confession of the defendant, by the report of referees, or by the verdict of a jury, if the judgment shall not exceed two hundred dollars, six months, if not exceeding four hundred dollars, nine months, and if exceeding four hundred dollars, twelve months, counting from the first day of the term to which the original process issued is returnable, if the defendant, in the opinion of the court, is possessed of a freehold estate, worth the amount of such judgment, clear of all encumbrances, but if the defendant is not a freeholder as aforesaid, then execution may immediately issue, unless the defendant shall enter surety in the nature of special bail, in which case, there shall be stay of execution for thirty days, and if at or before the expiration of that term the defendant shall give security for the amount of debt, interest and costs, such defendant shall be entitled to the same stay of execution as if he was a freeholder, and the like stay of execution shall be had upon judgments obtained in amicable actions, unless when it is differently provided by the parties in the terms of their agreement, counting from the date of their agreement."

This act was substantially re-enacted by sections 3 and 4 of the codifying statute of June 16, 1836 (P. L. 762; 2 Purd. Dig. [Stewart's Ed.] p. 1517, pars. 9, 10). In some particulars those sections differ from section 7 of the act of 1806, but for the present purpose the differences are not material, as will be seen by examining their provisions:

"9. In all actions instituted by writ for the recovery of money due by contract, or of damages arising from a breach of contract, except actions of debt and scire facias upon judgments, and actions of scire facias upon mortgages, if the defendant shall be possessed of an estate in fee simple within the respective county, worth in the opinion of the court the amount of the judgment recovered therein, or the sum for which the plaintiff may be entitled to have execution by virtue thereof, clear of all encumbrances, he shall be entitled to a stay of execution upon such judgment, to be computed from the first day of the term to which the action was commenced, as follows, to wit:

"I. If the amount or sum aforesaid shall not exceed two hundred dollars, six months.

"II. If such amount or sum shall exceed two hundred dollars, and be less than five hundred dollars, nine months.

"III. If such amount or sum shall exceed five hundred dollars, twelve months.

"10. Every defendant in any judgment obtained as aforesaid, may (upon entering security, in the nature of special bail) have a stay of execution thereon during thirty days from the rendition of such judgment; and if, during that period, he shall give security to be approved of by the court or by a judge thereof for the sum recovered together with interest and costs, he shall be entitled to the stay of execution hereinbefore provided in the case of a person owning real estate."

Section 4 (10) is applicable in the pending case, and declares that any such defendant, whether or not he be a freeholder in fee, may give security for the sum recovered, together with interest and costs, and thereupon shall be entitled to the same stay of execution as is provided by section 3 in the case of a person owning a freehold estate in land. But the time from which the stay is to be computed has been changed by the act of 1873 (P. L. 60; 1 Purd. Dig. p. 1519, par. 16) from the first day of the term to which the action was brought to "the return day of the writ by which such action was commenced." These provisions gave, and still give, defendants in the common pleas courts of the state the privilege to have execution stayed for one term or more. The minimum stay is six months, and no term of court in any judicial district of the state lasted then, or lasts now, as long as six months (1 Purd. Dig. [Stewart's Ed.] p. 629, par. 59, p. 630, par. 60 and note). It follows, therefore, that if nothing is to be regarded except the bare words of the federal law, the petitioners are entitled to "a stay of execution for one term." But, from what time is the stay in the federal court to be computed? This is the exact point now in controversy, and, as the Revised Statutes say nothing on the subject, the court is left to infer the meaning of Congress from such considerations as seem to be applicable. If section 988 is to be taken by itself, without reference to the law of the state, it gives to all defendants in the federal court a stay of execution for one term, but makes no definite provision concerning the time when the stay shall begin. But, as an execution may ordinarily issue immediately after judgment has been obtained (or within a short time thereafter), it would certainly not be a forced construction to hold that the stay should begin from the time when execution might be taken out against the defendant's property. And—still considering the federal law by itself—the privilege of a stay is apparently given without requiring any security whatever, thereby putting the plaintiff in many instances to the serious hazard of loss. Such a result may be within the legislative competence, but to produce it should require the clearest language, and any reasonable construction that would avoid it ought to be preferred. It can only be avoided by implying the need to enter security as the state law provides; and to this construction the present defendants agree, for they offer to give bond as required by the Pennsylvania statutes; but they object to the direction to compute the stay from the return day of the summons, or from the first day of the term to which the action was begun. The reason for this objection is plain. The suit was brought on December 8, 1903, to the October term of that year, the summons being returnable on January 4, 1904, and the period of stay allowed by the Pennsylvania acts has therefore long gone by. I am asked therefore to reject this provision of the state law, and to grant a stay for the term of the circuit court beginning the

first Monday of April, 1908, this being the term next succeeding the pending application. In my opinion, such an order would be improper. Section 988 is incomplete in several particulars, and I see no way to construe it reasonably except to hold that, so far as a stay of execution is concerned, defendants in the federal courts shall have the same privilege that is enjoyed in the courts of the state, and upon the same conditions, with the single exception that the stay in the federal courts cannot last longer than one term, while in the state courts it may last as long as one year. If this view is correct, either the Pennsylvania act of 1836 or the act of 1873 fixes the time when the stay shall begin in the federal courts, as well as in the courts of the state. In either aspect a stay now would be useless. It is true that defendants, in cases that are actually tried, either in the courts of the state or in the federal courts, are not likely to profit by the provisions of the Pennsylvania law upon this subject, since their cases can rarely be disposed of before a jury, or afterwards on appeal, in time to permit the stay to be of any benefit; but this is a matter for the Legislature or for Congress, and not for the courts. A stay of execution is not a right, but a privilege, and the lawmaking body may grant it upon easy or upon burdensome conditions as they may think to be wise.

The petition is refused.